UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOSHWA AARON WINTRODE,<br><br>                Plaintiff,<br><br>   v.<br><br>DR. SHERRY STOUTIN; IVY MEDICAL; and TWIN FALLS COUNTY JAIL,<br><br>                Defendants. | Case No. 1:24-cv-00158-AKB<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action. At the time Plaintiff filed this action, he was a pretrial detainee held in the Twin Falls County Jail. The Court previously reviewed Plaintiff's initial complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, determined it failed to state a claim upon which relief could be granted, and allowed Plaintiff an opportunity to amend. (*Initial Review Order*, Dkt. 6).

Plaintiff has now filed an Amended Complaint. (Dkt. 9). The Court retains its screening authority pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Having screened the Amended Complaint, the Court enters the following order allowing Plaintiff to proceed on his due process medical-treatment claim against Defendant Dr. Sherry Stoutin.

1.     **Screening Requirement and Pleading Standard**

The Court must dismiss a prisoner or in forma pauperis complaint—or any portion thereof—that states a frivolous or malicious claim, fails to state a claim upon which relief may be

granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(d)(2) & 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

2.   Discussion

   A.   *Section 1983 Claims*

Plaintiff brings claims under 42 U.S.C. § 1983, the federal civil rights statute. (*Am. Compl.* at 2). To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To be liable under § 1983, "the defendant must possess a purposeful, a knowing, or possibly a reckless state of mind." *Kingsley v. Hendrickson*, 576 U.S. 389, 395 (2015).

Plaintiff asserts his § 1983 claims under the First, Fifth, Sixth, Eighth, and Fourteenth Amendments. (*Am. Compl.* at 2).

      i.      Fourteenth Amendment Medical Treatment Claims

Plaintiff asserts Defendant Dr. Stoutin, a jail medical provider, did not provide him with adequate medical treatment. Jail conditions, including medical treatment, violate the Due Process Clause of the Fourteenth Amendment if those conditions amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).

Medical-treatment claims of pretrial detainees are analyzed using a standard of "objective deliberate indifference." *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018). Under this standard, a detainee must establish the following elements:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Id.* "With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily turn on the facts and circumstances of each particular case." *Id.* (internal quotation marks and alteration omitted).

The Amended Complaint, liberally construed, appears to state plausible due process claims against Dr. Stoutin with respect to Plaintiff's jail medical treatment. Plaintiff alleges Dr. Stoutin (1) continued to deny Plaintiff appropriate medication for his chronic pain even after he informed her the medication she prescribed was not working, (2) refused to prescribe medical shoes to Plaintiff even though his jail-issued shoes were causing severe pain, (3) did not provide Plaintiff with any treatment for his broken hand, (4) failed to treat Plaintiff's severe allergy, which was causing bleeding and "scabs on [Plaintiff's] scrotum, head, and other various body parts," and

(5) refused Plaintiff a mouth guard, causing him severe tooth, ear, and head pain. These allegations are sufficient at this time for Plaintiff to proceed on his due process claims against Stoutin.

However, the Complaint does not state a plausible due process claim of inadequate medical treatment against Ivy Medical or the Twin Falls County Jail. As explained in the Initial Review Order, to state a claim against either entity, Plaintiff must plausibly allege the execution of an official policy or unofficial custom inflicted the injury of which the plaintiff complains, as required by *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 694 (1978). *See also Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (applying *Monell* to private entities performing a government function).

The Amended Complaint does not give rise to a reasonable inference that Dr. Stoutin's particular medical decisions were the result of a policy or custom of Ivy Medical or Twin Falls County Jail, rather than the result of Dr. Stoutin's independent medical judgment. A provider's decision does not mean the entity has a practice requiring such a decision. The provider's action might be *consistent* with such a policy, but mere consistency is not enough to state a claim under § 1983. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (holding that where a complaint pleads facts "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief'"). Accordingly, Plaintiff's medical treatment claims against the two entity defendants will be dismissed.

> ii.     First Amendment Retaliation Claims

Plaintiff also contends Defendants retaliated against him by improperly denying, or by failing to respond to, Plaintiff's administrative grievances. The First Amendment includes the right to be free from retaliation for exercising constitutional rights. An inmate asserting a retaliation claim must show the following: "(1) . . . a state actor took some adverse action against the inmate

(2) because of (3) [the inmate's] protected conduct . . . such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

"[B]are allegations" of a retaliatory motive are insufficient to support a retaliation claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 n.4 (9th Cir. 1985); *see also Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014) ("We have repeatedly held that mere speculation that defendants acted out of retaliation is not sufficient."). Rather, when analyzing a jail official's proffered reasons for allegedly retaliatory conduct, the Court must "afford appropriate deference and flexibility" to the official. *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995) (internal quotation marks omitted).

Not every retaliatory act taken by an official can be considered an adverse action that chills the exercise of protected speech. The proper inquiry asks whether the official's action "would chill or silence a person of ordinary firmness from future First Amendment activities." *Mendocino Envt'l Ctr. v. Mendocino Cnty.*, 192 F.3d 1283, 1300 (9th Cir. 1999) (internal quotation marks omitted). If it would not, then "the retaliatory act is simply *de minimis* and therefore outside the ambit of constitutional protection." *Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003) (internal quotation marks omitted). *See also Morris v. Powell*, 449 F.3d 682, 686 (5th Cir. 2006) ("The [*de minimis*] standard achieves the proper balance between the need to recognize valid retaliation claims and the danger of federal courts embroiling themselves in every disciplinary act that occurs in state penal institutions.") (internal quotation marks and alteration omitted).

The Amended Complaint does not state a plausible retaliation claim. Failing to respond or to properly address an inmate's administrative grievance simply would not "chill or silence a person of ordinary firmness" from engaging in constitutionally protected conduct. *Mendocino Envt'l Ctr.*, 192 F.3d at 1300. Further, the only Defendant with the authority to deal with an

inmate's grievance is the Twin Falls County Jail, and the Amended Complaint does not support a reasonable inference that Twin Falls County has a policy, custom, or practice of retaliating against inmates for protected conduct. *Monell*, 436 U.S. at 694. Thus, Plaintiff's retaliation claims must be dismissed.

      iii.      <u>Other § 1983 Claims</u>

Plaintiff also cites the Fifth, Sixth, and Eighth Amendments. (*Am. Compl*. at 2). The Fifth Amendment guarantees (1) the right to a grand jury in federal criminal cases, (2) the right not to be subjected to double jeopardy, (3) the right to be free from compelled self-incrimination, (4) the right to due process from the federal government, and (5) the right to compensation from the taking of private property for public use. The Sixth Amendment protects a criminal defendant's (1) right to a speedy and public trial by an impartial jury, (2) right to confrontation and compulsory process, and (3) right to the assistance of counsel. The Eighth Amendment prohibits cruel and unusual punishment and applies to convicted prisoners—not pretrial detainees like Plaintiff.

None of the rights described above are implicated by the allegations in the Amended Complaint. Therefore, Plaintiff has not stated a plausible Fifth, Sixth, or Eighth Amendment claim under § 1983.

      **B.**      ***Section 1985 and 1986 Claims***

Plaintiff also asserts claims under 42 U.S.C. §§ 1985 and 1986. (*Am. Compl*. at 2). These statutes prohibit conspiracies to violate civil rights. The Amended Complaint fails to state a plausible claim under either statute. There are no allegations giving rise to a reasonable inference that Defendants engaged in a conspiracy. As explained above with respect to Plaintiff's *Monell* claims, the Amended Complaint plausibly suggests only that Dr. Stoutin made independent medical decisions on how to treat Plaintiff. Plaintiff offers only "a bare assertion of conspiracy,"

which is insufficient to state a claim upon which relief may be granted. *Bell Atlantic Corp.*, 550 U.S. at 556.

### 3. Request for Appointment of Counsel

Plaintiff requests appointment of counsel. (*Am. Compl*. at 3). Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

In civil cases, counsel should be appointed only in "exceptional circumstances." *Id*. To determine whether exceptional circumstances exist, the court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither factor is dispositive, and both must be evaluated together. *Id*.

Plaintiff's Amended Complaint, liberally construed, appears to state a claim upon which relief could be granted if the allegations are proved at trial. However, without more than the bare allegations of the Amended Complaint, the court does not have a sufficient basis upon which to assess the merits, if any, at this point in the proceeding. The Court also finds Plaintiff has articulated his claims sufficiently, and the legal issues in this matter are not complex. Based on the foregoing, the Court will deny Plaintiff's request for appointment of counsel. If it seems appropriate at a later date in this litigation, the Court will reconsider appointing counsel.

A federal court has no authority to require attorneys to represent indigent litigants in civil cases under 28 U.S.C. § 1915(e)(1) or under the Court's inherent authority. *Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989) (holding that the appointment of counsel

provision in § 1915, formerly found in subsection (d), does not "authorize[] a federal court to require an unwilling attorney to represent an indigent litigant in a civil case"); *Veenstra v. Idaho State Bd. of Corr.*, Case No. 1:15-cv-00270-EJL, at *2 (D. Idaho May 4, 2017) ("[The Court] does not have inherent authority to compel an attorney to represent Plaintiffs pro bono."). Rather, when a Court "appoints" an attorney, it can do so only if the attorney voluntarily accepts the assignment. *Id.* The Court has no funds to pay for attorney fees in civil matters such as this one, and it is often difficult to find attorneys willing to work on a case without payment—especially in prisoner cases, where contact with the client is particularly difficult. For these reasons, Plaintiff should attempt to procure counsel on a contingency or other basis, if at all possible.

Plaintiff may proceed as outlined above. This Order does not guarantee Plaintiff's claims will be successful. Rather, it merely finds Plaintiff's medical treatment claim against Dr. Stoutin to be plausible, meaning the claim will not be summarily dismissed at this time but will proceed to the next stage of litigation. This Order is not intended to be a final or a comprehensive analysis of Plaintiff's claims.

Dr. Stoutin may still file a motion for dismissal or motion for summary judgment if the facts and law support such a motion.[1] Because (1) prisoner filings must be afforded a liberal construction, (2) governmental officials often possess the evidence prisoners need to support their claims, and (3) many defenses are supported by governmental records, an early motion for summary judgment—rather than a motion to dismiss—is often a more appropriate vehicle for asserting procedural defenses such as non-exhaustion or entitlement to qualified immunity.

---

[1] The standards for a motion to dismiss for failure to state a claim under Rule 12(b)(6) are the same standards the Court has used to screen the Amended Complaint under §§ 1915 and 1915A. Therefore, motions to dismiss for failure to state a claim are disfavored in cases subject to §§ 1915 and 1915A and may be filed only in extraordinary circumstances.

**ORDER**

**IT IS ORDERED:**

1. Plaintiff's Motion to Review the Amended Complaint (Dkt. 10) is **GRANTED**.

2. Plaintiff's request for appointment of counsel (contained in the Amended Complaint) is **DENIED**.

3. Plaintiff may proceed on his due process claims of inadequate medical treatment against Dr. Stoutin. All other claims against all other Defendants are **DISMISSED**, and Defendants Ivy Medical and Twin Falls County Jail are **TERMINATED** as parties to this action.

4. Because Plaintiff is proceeding in forma pauperis, the Court will attempt to serve the Amended Complaint on Plaintiff's behalf. 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process[] and perform all duties in [in forma pauperis] cases."). However, the Court cannot accomplish service of process at this time because Plaintiff has not provided the Court with Dr. Stoutin's address. Plaintiff must notify the Court of Dr. Stoutin's physical service address within ninety (90) days after entry of this Order. If Plaintiff does not do so, this case may be dismissed for failure to serve, failure to prosecute, or failure to comply with a Court order. Fed. R. Civ. P. 4(m), 41(b).

5. After Dr. Stoutin appears, the Court will issue a case management order and a disclosure and discovery order.

6. Each party must ensure that all documents filed with the Court are simultaneously served upon the opposing party (through counsel if the party has counsel) by first-class mail or via the CM/ECF system, pursuant to Rule 5 of Federal Rules of Civil

Procedure. Each party must sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of person upon whom service was made.

7. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule 7.2 of Civil Practice before the United States District Court for the District of Idaho. ("Ex parte" means a party has provided a document to the court, but the party did not provide a copy of the document to the other party to the litigation.)

8. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Rule 7, 10, and 11 of Federal Rules of Civil Procedure and Local Rules 5.1 and 7.1 of Civil Practice before the United States District Court for the District of Idaho. The Court will not consider requests made in the form of letters.

9. No party may have more than three pending motions before the Court at one time, and no party may file a motion on a particular subject matter if that party has another motion on the same subject matter currently pending before the Court. Motions submitted in violation of this Order may be stricken, summarily denied, or returned to the moving party unfiled.

10. Plaintiff must notify the Court immediately if Plaintiff's address changes. Failure to do so may be cause for dismissal of this case without further notice.

11. Pursuant to General Order 324, this action is hereby returned to the Clerk of Court for random civil case assignment to a presiding judge, on the proportionate basis previously determined by the District Judges, having given due consideration to the existing caseload.

DATED: November 13, 2024

*Amanda K. Brailsford*
Amanda K. Brailsford
U.S. District Court Judge